# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WARD O'QUINN ) | **Case Number** |
| ) | |
| **Plaintiff** ) | |
| ) | **CIVIL COMPLAINT** |
| vs. ) | |
| ) | |
| RECOVERY PARTNERS, LLC ) | **JURY TRIAL DEMANDED** |
| ) | |
| **Defendant** ) | |
| ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Ward O'Quinn, by and through his undersigned counsel,

Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant and

respectfully avers as follows:

### I.    INTRODUCTORY STATEMENT

1.    Plaintiff, Ward O'Quinn, is an adult natural person and brings this action

for actual and statutory damages and other relief against Defendant for violations of the

Fair Debt Collection Practices Act, 15 U.S.C. § 1692 <u>et seq.</u> ("FDCPA"), which prohibits

debt collectors from engaging in abusive, deceptive and unfair practices.

### II.    JURISDICTION

2.    Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C.

§1337.

3.      Venue in this District is proper in that the Defendant transacts business here and Defendant has an address in this District.

### III.      PARTIES

4.      Plaintiff, Ward O'Quinn ("Plaintiff") is an adult natural person residing at 209 East Franklin, Walnut Grove, MO 65770.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5.      Defendant, Recovery Partners, LLC ("Defendant"), at all times relevant hereto, is and was a limited liability company engaged in the business of collecting debt within the State of Missouri and the Commonwealth of Pennsylvania with a Pennsylvania address of 2704 Commerce Drive, Harrisburg, PA 17110.

6.      Defendant is engaged in the collection of debts from consumers using the mail and telephone.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.      FACTUAL ALLEGATIONS

6.      In or around September 2010, the Plaintiff began receiving phone calls from the Defendant.

7.      During the first conversation the Plaintiff had with the Defendant, a female agent of the Defendant told the Plaintiff that the alleged debt was owed to GE Capital.

8.      The Plaintiff tried to retrieve more information from the agent as to what the alleged debt was from, when the alleged debt occurred and proof that the alleged debt is indeed the Plaintiff's.

7.      The Defendant's agent told the Plaintiff that the Plaintiff needed to "just take care of this, you know what it is!"  The Plaintiff explained to the agent that the Plaintiff pays his debts but does not believe that this alleged debt belongs to the Plaintiff.

8.      The Plaintiff again requested that the Defendant send the Plaintiff a letter showing proof that the alleged debt is in fact the Plaintiff's and at that point the Plaintiff would agree to pay.

9.      The Defendant's agent was angered by the Plaintiff's response and told him to "shut up" and that the Plaintiff knows the alleged debt is his and to pay it.

10.     The Defendant continued to call at least twice a day, failing to leave messages on the Plaintiff's answering machine.

11.     During another phone call that the Plaintiff received from the Defendant, the Plaintiff spoke with a male agent who was also very vague regarding information on the alleged debt.

12.     The Defendant's agent would not give the Plaintiff any further information regarding the alleged debt except that the alleged amount due was for $234.00 and that the Plaintiff needed to pay it.  The Plaintiff again demanded that the Defendant send proof in writing.

13.     On or around October 18, 2010 the Plaintiff received a settlement letter from the Defendant.  **See Exhibit "A" attached hereto.**

14.     On or around October 20, 2010, the Plaintiff contacted the Defendant returning one of the numerous missed calls from the Defendant and spoke to another male agent.  The Plaintiff told the Defendant's agent that the Plaintiff needs the Defendant to

send a letter showing proof of ownership of the alleged debt and that if they were able to do so, the Plaintiff would then pay.

15.     The Defendant's agent replied to the Plaintiff by telling the Plaintiff that the Defendant already sent a letter.  The Plaintiff proceeded to ask the agent, "If I put a letterhead on a piece of paper and sent it to you to pay a bill, would you do so without any proof?"  The agent responded, "Don't get cute with me!"

16.     During the aforementioned conversation, the Plaintiff was told by this agent for the first time that the alleged debt was from JC Penney but the agent failed to mention whether it was a JC Penney purchase or credit card and never referenced GE Capital like the previous agents had.

17.     Before ending the conversation, the Defendant's agent told the Plaintiff that he needs to pay the alleged debt and that the agent will continue to call until he does so.

18.     The Defendant continues to contact the Plaintiff ringing the Plaintiff's phone twice before hanging up and calling back.

19.     The Plaintiff does not believe that the alleged debt is his and feels that if money was owed to JC Penney or GE Capital that the Plaintiff would have, at some point, received a statement to the address at which he lived for the past 13 years.

20.     The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

21.     The Defendant knew or should have known that their actions violated the FDCPA.  Additionally, Defendant could have taken the steps necessary to bring their and

Case 1:10-cv-02361-YK Document 1 Filed 11/15/10 Page 5 of 7

their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

22.     At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

23.     At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

24.     As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## COUNT I – FDCPA

25.     The above paragraphs are hereby incorporated herein by reference.

26.     At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

27.     The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

§§ 1692c(a)(1):     At any unusual time, unusual place, or unusual time

and place known to be inconvenient to the consumer

Case 3:02-at-06000   Document 37-1   Filed 11/15/10   Page 6 of 7

| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(10): | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| §§ 1692g: | Failure to send the consumer a 30-day validation notice within five days of the initial communication |

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against Defendant, Recovery Partners, LLC and Order the following relief:

a.   Actual damages;

b.   Statutory damages pursuant to 15 U.S.C. §1692k;

c.   Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

d.   Such addition and further relief as may be appropriate or that the interests of justice require.

## V.   JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.


**Respectfully submitted,**

**WARREN & VULLINGS, LLP**


**Date:   November 12, 2010**

**BY: /s/ Brent F. Vullings**

Brent F. Vullings, Esquire
Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff