# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WARD O'QUINN | : | |
|     Plaintiff | : | Civil Action No. 1:10-cv-2361 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| RECOVERY PARTNERS, | : | |
|     Defendant | : | |

## MEMORANDUM ORDER

Before the Court is Plaintiff's motion for default judgment. (Doc. No. 8.) Defendant Recovery Partners was served on December 10, 2010, (Doc. No. 3); however, to date, Defendant has failed to enter an appearance. Plaintiff requested the clerk enter default on February 16, 2011, (Doc. No. 5), and the clerk entered default on that date (Doc. No. 6). On April 21, 2011, Plaintiff moved for the entry of default judgment and included an affidavit showing the amount due.[1] (Doc. No. 8.) In addition to seeking statutory damages in the amount of $1,000.00 and actual damages in the amount of $5,000.00, Plaintiff seeks attorney's fees in the amount of $4,868.75. (Id. ¶¶ 5-8.[2])

In assessing a request for attorney's fees, "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). Performing this calculation will provide the "lodestar" figure, which is presumed to be the

---

[1] Plaintiff does not identify the rule under which he is seeking default; however, the Court will construe his motion as made pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure.

[2] The motion does not include a paragraph seven.

reasonable fees for the matter.  Rode v. Dellaciprete, 892 F.2d 1177, 1183 (3d Cir. 1990).  The party seeking the attorney's fees has the burden to prove that the requested attorney's fees are reasonable, which initially requires the fee petitioner to "submit evidence supporting the hours worked and the rates claimed."  Id. at 1183; E.E.O.C. v. Fed. Express Corp., 537 F. Supp. 2d. 700, 721 (M.D. Pa. 2005) (citing Hensley, 461 U.S. at 433).  An hourly rate is reasonable if the fee applicant demonstrates by evidence, in addition to the fee applicant's own affidavit, that the suggested rate is comparable to the current "rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."  Maldonado v. Houstoun, 256 F.3d 181, 184 (3d Cir. 2001).  Therefore, Plaintiff will be required to submit further evidence in support of his claimed attorney's fees.

As damages, Plaintiff claims to be entitled to an award of $6,000.00, consisting of $1,000.00 in statutory damages and $5,000.00 in actual damages.  (Doc. No. 8 ¶ 5-6.)  Under the FDPCA actual damages may be awarded to a plaintiff as a result of a defendant's failure to comply with the Act. 15 U.S.C. § 1692k(a)(1).  However, Plaintiff has not submitted any evidence in support of the amount of his alleged damages.  Nor has Plaintiff even clearly identified what actual damages he suffered.  Therefore, Plaintiff will be required to submit further evidence in support of his claimed damages.

While Plaintiff has not adequately supported his claim for the requested amount of damages, the Court does not, at this time, find that a hearing is necessary under Rule 55(b)(2)(B) to determine the amount of damages due.  After reviewing all supplemental information provided by Plaintiff, the Court will make a determination regarding whether the Court is able to determine the amount of damages based on the evidence submitted.  See 10 James Wm. Moore, et al., Moore's Federal Practice § 55.32[2][c] (Matthew Bender ed. 2010) ("[T]he "hearing" may

be one in which the court asks the parties to submit affidavits and other materials from which the court can decide the issue").

    **ACCORDINGLY**, on this 10th day of May 2011, **IT IS HEREBY ORDERED THAT:**

1.   The Case Management Conference in this action scheduled for May 11, 2011, is **CANCELLED**.

2.   Plaintiff's motion for default judgment (Doc. No. 8) is **CONSTRUED** as an application for default judgment pursuant to Rule 55(b)(2).

3.   Within fifteen days of the date of this order, Plaintiff **SHALL SUBMIT** a supplemental affidavit further documenting and supporting his damage claims in support of the motion for default judgment.

4.   Within fifteen days of the date of this order, Plaintiff **SHALL SUBMIT** further evidence in support of their request for attorney's fees.

5.   Failure to file the supplemental documentation described in paragraphs three and four may result in denial of the motion for default judgment (Doc. No. 8) in whole or in part.

            S/ Yvette Kane
            Yvette Kane, Chief Judge
            United States District Court
            Middle District of Pennsylvania