IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WARD O'QUINN | : | |
|     Plaintiff | : | Civil Action No. 1:10-cv-2361 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| RECOVERY PARTNERS, | : | |
|     Defendant | : | |

**MEMORANDUM ORDER**

The clerk entered default as to Defendant Recovery Partners for failure to plead or otherwise defend on February 16, 2011. (Doc. No. 6.) Having received no further filings from Plaintiff, on April 15, 2011, the Court ordered Plaintiff to file a status report by April 25, 2011. (Doc. No. 7.) On April 21, 2011, Plaintiff submitted a motion for entry of default judgment. (Doc. No. 8.) Upon review of Plaintiff's motion, the Court ordered Plaintiff to supplement his filings with evidence justifying his proposed award of attorney's fees and damages award.[1] (Doc. No. 10.) Plaintiff has now filed an amended motion for default judgment in the amount of $5,868.75. (Doc. Nos. 11, 12.) In Plaintiff's new motion, he eliminates his initial request for actual damages in the amount of $5,000 and attaches a copy of the "Laffey Matrix"[2] in additional

---

[1] In his original motion Plaintiff initially sought entry of default judgment in the amount of $51,946.00 and concluded by requesting entry of default judgment in the amount of $10,868.75. (Doc. No. 8.) The itemized amount of damages equals the latter figure, so the Court will assume the first figure was a typographical error. (See Doc. No. 8 ¶¶ 5-8.)

[2] The Laffey Matrix was used as a measure of prevailing market rates for billing fees in the Washington, D.C., market from 1981-82. Interfaith Cmty. Org. v. Honeywell Int'l, Inc., 426 F.3d 694, 708 (3d Cir. 2005). In Interfaith v. Honeywell, the Third Circuit recognized a dispute regarding the inflation adjusted rates under the Laffey Matrix, one used by the plaintiff and one used by the local United States Attorney's Office, the latter of which produced a lower billing rate . Id. at 708-09. Here, Plaintiff uses the inflation adjusted Laffey Matrix which produces higher billing rates.

support of his request for $4,868.75 in attorney's fees.  (Id.)  Upon review of Plaintiff's updated, and recalculated, motion for entry of default judgment, the Court is underwhelmed by the support Plaintiff marshals in support of his proposed attorney's fees and claim of statutory damages.

**ACCORDINGLY**, on this 20th day of June 2011, **IT IS HEREBY ORDERED THAT** Plaintiff's motion for entry of default judgment (Doc. No. 8) is deemed **WITHDRAWN** and his amended motion for default judgment (Doc. No. 11) is referred to Magistrate Judge Carlson to determine the amount of damages.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania

---

The problems with relying on the Laffey Matrix are obvious.  The prevailing market rates for attorney billing fees in Washington, D.C., are very different than the prevailing market rates in Harrisburg, Pennsylvania.  Further, contrary to Plaintiff's assertion, the Third Circuit did not "endorse" the Laffey Matrix.  Indeed, the Third Circuit warned that "any index that is updated based on a statistical measure of inflation," as the Laffey Matrix is, "will tend to diminish in accuracy over time.  For this reason, district courts in this Circuit should be assiduous in evaluating fee requests in light of all the evidence."  Id. at 710 n.14 (emphasis in original).  Accordingly, Plaintiff has failed to produce sufficient evidence to establish the proper award of attorney's fees.  See, e.g., Lanni v. New Jersey, 259 F.3d 146, 148 (3d Cir. 2001) (holding that the party seeking to recover attorney's fees bears the burden of "producing sufficient evidence of what constitutes a reasonable market rate for the essential character and complexity of the legal services rendered in order to make out a prima facie case").