**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **WARD O'QUINN,** | : | Civil No. 1:10-CV-2361 |
| | : | |
| **Plaintiff,** | : | **(Chief Judge Kane)** |
| | : | |
| vs. | : | **(Magistrate Judge Carlson)** |
| | : | |
| **RECOVERY PARTNERS, LLC** | : | |
| | : | |
| **Defendant.** | : | |

**REPORT AND RECOMMENDATION**

**I.   Statement of Facts and of the Case**

This case is an action brought under the Fair Debt Collection Practices Act (hereafter "FDCPA") 15 U.S.C. §1692, et seq., which has been referred to this Court for assessment of damages, costs and fees following the entry of a default judgment in favor of the plaintiff. (Doc. 13.)

The plaintiff commenced this action by filing a complaint on November 15, 2010, and paying the required $350 filing fee. (Doc. 1.) A summons issued and that summons was returned executed by the plaintiff on December 16, 2010. (Doc. 3.) When the defendant failed to file an answer or otherwise timely respond, the plaintiff requested the entry of a default by the clerk, (Doc. 5), and default was entered by the clerk on February 16, 2011. (Doc. 6.)

The plaintiff subsequently filed pleadings with the district court, which that court construed as an application for entry of a default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. (Docs. 8 and 9.) The district court found the initial application submitted by the plaintiff to be lacking in detail. Accordingly, on May 10, 2011, the district court directed the plaintiff to make a more detailed submission of the costs, fees and damages which he seeks in this case. (Doc. 10.) O'Quinn complied with this request on May 20, 2011, filing an amended motion for entry of default, and an accompanying memorandum of law. In these pleadings, O'Quinn sought a judgment for damages of $1,000, costs totaling $416.25, and attorney fees of $4,452.50, for a total judgment of $5,868.75. (Doc. 11-3.)

Following receipt of this amended motion, on June 20, 2011, the district court referred this matter to this Court with instruction to "determine the amount of damages." (Doc. 13.) Having conducted a review of this petition, for the reasons set forth below, it is recommended that the district court enter judgment in favor of the plaintiff in the amount of $3,841.25, consisting of statutory damages of $500, costs of $416.25, and attorney's fees of $2,925.00.

**II.     Discussion**

    **(A)     Legal Standards Governing Damages, Costs, and Attorney's Fee Calculations Under The Fair Debt Collection Practice Act**

The Fair Debt Collections Practice Act, 15 U.S.C. §1692, forbids harassment, abuse or the use of misleading conduct in connection with debt collection, 15 U.S.C. §§ 1692c-f, and provides an array of civil remedies for those who are aggrieved by deceptive or intimidating debt collection practices. Specifically, the FDCPA provides that:

> [A]ny debt collector who fails to comply with any provision of th[e] [FDCPA] with respect to any person is liable to such person in an amount equal to the sum of--
>
> **(1)** any actual damage sustained by such person as a result of such failure;
>
> **(2)(A)** in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000;
>
> ******
>
> **(3)** in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

15 U.S.C. § 1692k(a).

Thus, by its terms, the FDCPA provides for a panoply of remedies on behalf of plaintiffs like O'Quinn, including actual or statutory damages, costs, and reasonable attorneys fees. The availability of each of these remedies, in turn, is further described and defined both by statute and through case-law construing the FDCPA.

At the outset, with respect the category of statutory damages under the Act, the FDCPA provides that the Court may award "such additional damages as the court may allow, but not exceeding $1,000." 15 U.S.C. §1692k(a)(2)(A). In assessing whether, and to what extent, these statutory damages may be appropriate the Act states in clear and precise terms that: "In determining the amount of liability in any action under subsection (a) of this section, the court shall consider, . . . , in any individual action under subsection (a)(2)(A) of this section, the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1).

As the text of the statute implies, the awarding of statutory damages lies in the sound discretion of the district court, and a judgment regarding the award of these damages will not be set aside, absent an abuse of that discretion. Lester E. Cox Medical Center v. Huntsman, 408 F.3d 989, 993 (8th Cir. 2005). "To be eligible for

statutory damages, [a plaintiff] [must] establish that the Act had been violated, <u>Peters v. Gen. Serv. Bureau, Inc</u>., 277 F.3d 1051, 1054–55 (8th Cir.2002)...." <u>Id</u>. But a finding of a violation of the Act does not automatically entitle a plaintiff to these statutory damages, Rather, "[i]n assessing statutory damages, a district court considers: (1) the frequency and persistence of non-compliance; (2) the nature of such non-compliance; (3) the extent to which the non-compliance was intentional. 15 U.S.C. § 1692k(b)(1)." <u>Id</u>. Moreover, where a court finds *de minimis*, technical, or sporadic violations, the court may either refuse to award statutory damages; <u>See Pipiles v. Credit Bureau of Lockport, Inc</u>., 886 F.2d 22, 28 (2d Cir.1989) (determining that the nature of defendant's noncompliance did not warrant statutory damages); <u>Fasten v. Zager</u>, 49 F.Supp.2d 144, 150 (E.D.N.Y.1999) (holding the defendant's noncompliance was minor and plaintiff was not entitled to statutory damages), or in the exercise of its discretion award damages in an amount that is less than $1,000. <u>Compare</u>  <u>Weiss v. Zwicker & Associates, P.C.,</u> 664 F.Supp.2d. 214 (E.D. Pa. 2009)($500 statutory damage award for violations of an unintentional nature where the demand letter was not abusive or threatening) <u>with</u> <u>Crossley v. Lieberman</u>, 868 F.2d 566 (3d Cir. 1989)($1,000 statutory damage award proper where collection letter falsely threatened to foreclose on home of a 68-year widow in payment of $297 debt).

One other consideration guides us in addressing this particular request. In this setting, where a default has been entered against the defendant, in making an assessment regarding the factors that govern the award of statutory damages; namely, "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional," 15 U.S.C. § 1692k(b)(1) we are enjoined to "accept[] as true all of the factual allegations of the complaint, except those relating to damages. See, e.g., Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir.1981); 10A C. Wright, A. Miller & M. Kane, Federal Practice & Procedure § 2688, at 58–59 (3d ed.1998)." Gervais v. O'Connell, Harris & Associates, Inc., 297 F.Supp.2d 435, 438 (D.Conn. 2003).

The Act further authorizes a prevailing plaintiff to recover "the costs of the action." 15 U.S.C. §1692k(a)(3). These costs typically include filing and service fees and expenses, as well as reasonable postage expenses associated with the litigation. See 28 U.S.C. §1920(1)-(6), Gervais v. O'Connell, Harris & Associates, Inc., 297 F.Supp.2d 435 (D.Conn. 2003).

Finally, the Act also permits the recovery of "a reasonable attorney's fee as determined by the court." 15 U.S.C. §1692k(a)(3). With respect to the attorney's fee provision of the Act, it is well-settled that: "Given the structure of [15 U.S.C. §1692k], attorney's fees should not be construed as a special or discretionary remedy;

6

rather, the Act mandates an award of attorney's fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys general." Graziano v. Walkeron, 950 F. 2d 107, 113 (3d Cir. 1991) (reiterating that several courts have required an award of attorney's fees even where violations were so minimal that statutory damages were not warranted). In setting a reasonable attorney's fee, "[t]he starting point for a determination of attorney's fees, the lodestar calculation, is the product of: [1] the number of hours reasonably expended . . . [2] times an hourly fee based on the prevailing market rate." Doering v. Union County Bd. of Chosen Freeholders, 857 F.2d 191, 195 (3d Cir. 1988); see also Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The party seeking fees bears the burden of producing "sufficient evidence of what constitutes a reasonable market rate for the essential character and complexity of the legal services rendered . . . ." Knight v. Drye, 2009 U.S. Dist. LEXIS 82369 (M.D. Pa. Sept. 10, 2009) (quoting McCutcheon v. America's Servicing Co., 560 F.2d 143, 150 (3d Cir. 1990). See also Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 564 (1986) (party seeking fees has the initial burden of presenting evidence that the claimed rates and time expended are reasonable).

Determining a reasonable hourly rate generally "is calculated according to the prevailing market rates *in the relevant community*." Loughner v. Univ. of Pittsburgh,

260 F.3d 173, 180 (3d Cir. 2001)(emphasis added). In most cases, the relevant market rate is the prevailing rate in the forum of the litigation. See Interfaith Cmty. Org. v. Honeywell Int'l, Inc., 426 F.3d 694, 705 (3d Cir. 2005). A court must not make a finding of reasonableness based on its own "generalized sense" of appropriateness, but instead "must rely on the record." Evans v. Port Auth. of N.Y. and N.J., 273 F.3d 346, 361 (3d Cir. 2001) (quoting Smith v. City of Phila. Housing Auth., 107 F.3d 223, 225 (3d Cir. 1997)). Courts are to "assess the experience and skill of the prevailing party's attorneys and compare their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Maldonado v. Houstoun, 256 F.3d 181, 184 (3d Cir. 2001); Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990). The party seeking fees "bears the burden of establishing by way of satisfactory evidence, 'in addition to [the] attorney's own affidavits,' . . . that the requested hourly rates meet this standard." Washington v. Philadelphia Cty. Ct. of Common Pleas, 89 F.3d 1031, 1035 (3d Cir. 1996) (citing Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984)). The petitioning attorney's usual billing rate is typically a starting point in this calculation, but it is not dispositive. Loughner, 260 F.3d at 180.

With respect to calculating the number of hours reasonably expended, the court "should review the time charged, decide whether the hours set out were reasonably

expended for each of the particular purposes described and then exclude those that are 'excessive, redundant, or otherwise unnecessary.'" Public Int. Research Group of N.J., Inc. v. Windall, 51 F.3d 1179, 1188 (3d Cir. 1995) (internal citation omitted); see also Dellarciprete, 892 F.2d at 1183 ("The district court should exclude hours that are not reasonably calculated."). In general, hours are not considered to have been reasonably expended "if they are excessive, redundant, or otherwise unnecessary." Id. The court may permissibly deduct hours from the fee award if the attorney inadequately documents the hours claimed. Id.

### B. Assessment of Damages, Costs and Fees in This Case

With these legal benchmarks in mind, we turn to an assessment of the costs, damages and attorney's fees claims made by plaintiff's counsel in the instant case.

#### (1) Costs

At the outset, O'Quinn seeks reimbursement of costs totaling $416.25, consisting of a $350 filing fee, $60 in service fees, and $6.25 in postage expenses. In FDCPA actions prevailing plaintiffs typically are entitled to recover their costs, which may include filing and service fees and expenses, as well as reasonable postage expenses associated with the litigation. See 28 U.S.C. §1920(1)-(6); Gervais v. O'Connell, Harris & Associates, Inc., 297 F.Supp.2d 435 (D.Conn. 2003). Since the costs listed by the plaintiff are entirely appropriate and may be recovered in this

action, it is recommended that the court order payment of these costs in full as part of any default judgment in this matter.

### (2) Statutory Damages

In addition, O'Quinn seeks an award of damages as part of this default judgment. In this regard, O'Quinn's request for damages is narrowly tailored and sparsely supported. O'Quinn's current default motion eschews any claim of actual damages, and only seeks statutory damages in the amount of $1,000, the maximum amount of statutory damages prescribed by law. 15 U.S.C. §1692k(a)(2)(A).

While he seeks the maximum amount of the statutory damages authorized by the FDCPA, O'Quinn's default motion contains no factual recitals or legal argument explaining why such an award is appropriate, a shortcoming which has led the district court to express the view that it was "underwhelmed" by this statutory damages request. (Doc.13.) In the absence of any legal argument or factual presentation in support of this damages request, in the exercise of our discretion, Lester E. Cox Medical Center v. Huntsman, 408 F.3d 989, 993 (8th Cir. 2005), when we consider the factors which control the award of statutory damages, "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional," 15 U.S.C. § 1692k(b)(1), we should "accept[] as true all of the factual allegations of the

complaint, except those relating to damages." Gervais v. O'Connell, Harris & Associates, Inc., 297 F.Supp.2d 435, 438 (D.Conn. 2003).

When we conduct this assessment we find that, while the complaint states a violation of the Act relating to frequent, persistent, and in some instances inappropriate, efforts to collect a $234.00 debt, the factual recitals in the complaint do not permit a finding of a deliberate, intentional course of aggravated, intimidating, misleading, or harassing conduct by the defendants. Therefore, when judged against the guideposts set by statute for these damages– 1) the frequency and persistence of non-compliance; (2) the nature of such non-compliance; (3) the extent to which the non-compliance was intentional, 15 U.S.C. § 1692k(b)(1)–we find that an award of the maximum amount of statutory damages prescribed by law is not appropriate here. Accordingly, it is recommended that the court award a default judgment of $500 in statutory damages in this case. Weiss v. Zwicker &Associates, P.C., 664 F.Supp.2d. 214 (E.D. Pa. 2009)($500 statutory damage award).

### (3)    Attorney's Fees

Finally, we turn to the assessment attorney's fees in this case. O'Quinn is entitled to payment of attorney's fees since the Act specifically authorizes the recovery of "a reasonable attorney's fee as determined by the court." 15 U.S.C.

§1692k(a)(3). Moreover, in assessing such fee requests we must remain mindful of the fact that "[g]iven the structure of [15 U.S.C. §1692k], attorney's fees should not be construed as a special or discretionary remedy; rather, the Act mandates an award of attorney's fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys general." Graziano v. Walkeron, 950 F. 2d 107, 113 (3d Cir. 1991). In assessing the reasonableness of this particular requested fee award, as we have previously observed, "[t]he starting point for a determination of attorney's fees, the lodestar calculation, is the product of [1] the number of hours reasonably expended . . . [2] times an hourly fee based on the prevailing market rate." Doering v. Union County Bd. of Chosen Freeholders, 857 F.2d 191, 195 (3d Cir. 1988); see also Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). In his motion, O'Quinn's counsel seeks attorney's fees of $4,452.50, asserting that counsel expended 13.70 hours of time in this case, which should be reimbursed at an hourly rate of $325.00 per hour.

### (a)  Hourly Rate Calculation

In making this fees determination, we turn first to the plaintiff's hourly rate calculation of $325.00, which appears premised on large urban legal markets like Philadelphia and the District of Columbia. We note, however, that in determining a reasonable hourly rate, that rate generally "is calculated according to the prevailing

market rates *in the relevant community.*" Loughner v. Univ. of Pittsburgh, 260 F.3d 173, 180 (3d Cir. 2001)(emphasis added).In most cases, the relevant market rate is the prevailing rate in the forum of the litigation, in this case the Middle District of Pennsylvania. See Interfaith Cmty. Org. v. Honeywell Int'l, Inc., 426 F.3d 694, 705 (3d Cir. 2005).

Applying this benchmark, we find that our own assessment of fee award hourly rates approved by the courts in this district suggests that an attorney of plaintiff counsel's background, and experience in this particular legal marketplace typically commands a fee rate of between $200 and $300. See, e.g., Haines v. Forbes Road School Dist., No. 07–851, 2010 WL 56101 (M.D.Pa. Jan. 5, 2010)($280 hourly rate); Diana v. Oliphant, No. 05-2338, 2009 WL 2426134 (M.D. Pa. Aug. 6, 2009)(hourly rates of $260 and $250); Buck v. Stankovic, No. 07-717, 2008 WL 4072656 (M.D.Pa. Aug. 27, 2008)(finding a range of reasonable rates for attorneys of varying experience between $160 and $300 per hour); Lohman v. Borough, No. 05-1463, 2008 WL 2951070 (M.D. Pa. July 30, 2008)(hourly rate of $215); DIRECT TV v. Walsh, No. 03-72, 2006 WL 3308668 (M.D.Pa. Oct. 12, 2006)(hourly rates range between $175-$200). Indeed, in an FDCPA action, this Court has recently identified an hourly rate of $250 per hour as a fair and appropriate rate in this particular legal community. See

<u>Jackson v. National Credit Adjuster, LLC</u>, No. 08-480, 2009 WL 367408 (M.D. Pa. Feb. 13, 2009). Accordingly, in this case it is recommended, when determining the reasonable attorney's fees in this matter, that the hourly rate requested by plaintiff's counsel be adjusted to reflect local community prevailing rates, from the requested amount of $325 per hour, to $250 per hour.

### (b)   Hours Worked

Plaintiff's counsel then details 13.70 of legal work which he directly attributes to the litigation of this matter. (Doc. 11-3.) We have carefully and independently reviewed this aspect of O'Quinn's fees claim, and find the hours charged to this case to be appropriate, with two minor caveats. In particular, we find the hours billed to this matter for post-filing file reviews, preparation of post-filing pleadings, review of court orders, and communication with the client to be entirely proper.

Two items of hourly billing, however, in our view warrant some minor adjustment. First, O'Quinn's counsel bills a total of 7.80 hours for case initiation and preparation of the complaint. (Doc. 11-3.) Of these 7.80 hours, approximately 4.10 hours of time are devoted to the preparation of the complaint, a 7-page document, which contained 27 paragraphs. (Doc. 1.) Of the 27 paragraphs recited in the complaint, approximately 14 paragraphs appear to be in the nature of a standard form pleading. (Doc. 1, ¶¶1-6, 20-27.) While we do not in any way diminish the

importance of proper preparation in the drafting of a complaint, given the nature of this particular litigation we find the total of 7.80 hours devoted to this task, and 4.10 hours devoted to the drafting of the complaint, to be greater time than needed for this particular task. Accordingly, we recommend that this component of hours charged be reduced by 1.50 hours, to 6.30 hours.

Finally, we note that the billing statement from plaintiff's counsel contains one other entry which we believe should be adjusted. Specifically, that billing statement describes a half-hour strategy meeting among counsel on January 25, 2011, devoted to discussing how to proceed in this litigation in light of the defendant's failure to answer the complaint. (Doc. 11-3.) Given counsel's level of experience in this particular field of litigation, we believe that the course to follow once the defendant defaulted upon its obligation to answer the complaint was sufficiently self-evident that a half hour strategy session devoted to this topic would not have been necessary. Therefore, we recommend that this request for payment of attorney's fees for 0.50 hours devoted to this particular purpose be disallowed.

With these two items adjusted in the fashion which we recommend, the total hours billed in this case, which we find to be proper, reasonable billings, are reduced from 13.70 hours to 11.70 hours.

### (c)     Attorney Fees Sanctions Calculation

On the basis of these findings we conclude that the proper measure of attorney's fees to assess in this case is $2,925.00. This fees award is based upon an hourly rate of $250, see Jackson v. National Credit Adjuster, LLC, No. 08-480, 2009 WL 367408 (M.D. Pa. Feb. 13, 2009), multiplied by 11.70 hours of legal work properly attributed to this litigation.

### III.   Recommendation

For the reasons set forth above, it is RECOMMENDED that the Court award a default judgment in the amount of the following fees, costs and damages in this case:

| | |
|---|---|
| COSTS: | $ 416.25 |
| STATUTORY DAMAGES | $ 500.00 |
| ATTORNEY'S FEES | $2,925.00 |
| TOTAL | $3,841.25 |

The plaintiff is placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the

disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                                  ***S/Martin C. Carlson***
                                                  Martin C. Carlson
                                                  United States Magistrate Judge

Dated: June 27, 2011