**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| WARD O'QUINN | : | |
|     Plaintiff | : | Civil Action No. 1:10-cv-2361 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| RECOVERY PARTNERS, | : | |
|     Defendant | : | |

**MEMORANDUM ORDER**

Currently pending before the Court is Magistrate Judge Carlson's Report and Recommendation (Doc. No. 14) and Plaintiff's objection thereto (Doc. No. 15). Specifically, Plaintiff objects[1] to Magistrate Judge Carlson's recommendation that Plaintiff's counsel be awarded an hourly rate fee of $250 per hour, rather than the $325 per hour that Plaintiff requested. For the reasons that follow, the Court will adopt the Report and Recommendation in full.

**I.   BACKGROUND**

The clerk entered default as to Defendant Recovery Partners for failure to plead or otherwise defend on February 16, 2011. (Doc. No. 6.) Having received no further filings from Plaintiff, on April 15, 2011, the Court ordered Plaintiff to file a status report by April 25, 2011. (Doc. No. 7.) On April 21, 2011, Plaintiff submitted a motion for entry of default judgment. (Doc. No. 8.) In the motion Plaintiff sought entry of default in the amount of $10,868.75.[2] (Id.)

---

[1] Plaintiff has not actually filed objections to the report and recommendation. Rather he has filed a "response." The Court will construed this "response" as Plaintiff's objection.

[2] In the opening paragraph of Plaintiff's motion he requested entry of default judgment in the amount of $51,946; however, in the concluding paragraph Plaintiff requested an entry of default judgment in the amount of $10,868.75. (Doc. No. 8.)

Specifically, Plaintiff requested statutory damages in the amount of $1,000, actual damages in the amount of $5,000, and attorney's fees and costs in the amount of $4,868.75. (Id.)  Because Plaintiff failed to include any supporting information justifying the amount of Plaintiff's damages award and only supported his claim for attorney's fees with a pro forma affidavit and invoice, the Court ordered Plaintiff to supplement his filings with evidence justifying his proposed award of damages and attorney's fees. (Doc. No. 10.)

In response to the Court's order, Plaintiff filed an amended motion for default judgment in the amount of $5,868.75. (Doc. Nos. 11, 12.)  In that motion, Plaintiff abandons his initial request for actual damages in the amount of $5,000. (Id.)  Further, Plaintiff once again did not provide any information justifying the Court imposing the maximum statutory damages of $1,000. (Id.)  Plaintiff did, however, supplement his request for attorney's fees with a copy of the "Laffey Matrix."[3] (Id.)  Finding that the supplemental filings provided by Plaintiff's counsel remained wanting, the Court referred this matter to Magistrate Judge Carlson to determine the proper amount of damages.  On June 27, 2011, Magistrate Judge Carlson issued a report and recommendation in which he recommended the Court: (1) reduce Plaintiff's requested statutory damages from $1,000 to $500; (2) reduce the total hours claimed in Plaintiff's counsel's invoice from 13.7 hours to 11.7 hours; and (3) reduce Plaintiff's counsel's fees from $325 to $250. Plaintiff has only objected to the reduction in fees.

## II.    DISCUSSION

---

[3] As the Court explained in its June 20, 2011 order, the Laffey Matrix was used as a measure of prevailing market rates for billing fees in the Washington, D.C., market from 1981-82.  Interfaith Cmty. Org. v. Honeywell Int'l, Inc., 426 F.3d 694, 708 (3d Cir. 2005).  In that order, the Court further noted the "obvious" problems with relying on a Washington, D.C., fee structure to award attorney's fees in the Middle District of Pennsylvania. (Doc. No. 13.)

Plaintiff objects that his counsel is entitled to an hourly rate of $325.00 because other courts have awarded counsel similar fee amounts.  Although other courts have apparently granted counsel fees in the amount of $325, this Court has not.  In the first instance, the Court observes that it is undisputed that Magistrate Judge Carlson applied the proper standard in calculating the Plaintiff's fee award.  The only question for this Court then, is whether Magistrate Judge Carlson properly determined a reasonable hourly rate for Plaintiff's counsel. The Court concludes that he did.

As this Court noted in its order referring this issue to Magistrate Carlson, Plaintiff's reliance on the "Laffey Matrix" – a controversial matrix for determining the prevailing market rate in the District of Columbia – is inappropriate for determining market rates in the Middle District of Pennsylvania.  See Interfaith Cmty. Org., 426 F.3d at 705 (3d Cir. 2005) (finding that the relevant market rate is the prevailing rate in the forum).  Rather, the Court must calculate a reasonable hourly rate based on the prevailing market rate at the time of the fee petition in light of the skill and experience of the prevailing party's attorney.  L.J. v. Audubon Bd. of Educ., 373 F. App'x. 294, 296 (3d Cir. 2010).  As Magistrate Judge Carlson found, attorneys filing FDCPA claims typically are awarded fees in the amount of $200 to $300 per hour.

Based on his representation of his client in this matter, the Court is loath to award counsel fees in excess of this prevailing rate.  Plaintiff's counsel claims he has been practicing in this area of the law for five years.  (Doc. No. 11-2 ¶ 6.)  The Court notes that after the clerk entered default on February 16, 2011, counsel did not file for entry of default judgment until after the Court ordered a status report on April 15, 2011.  Counsel did not provide any explanation for this two month delay.  In the opening paragraph of Plaintiff's motion for entry of

default judgment he requested entry of default judgment in the amount of $51,946; however, in

the concluding paragraph Plaintiff requested an entry of default judgment in the amount of

$10,868.75.  (Doc. No. 8.)  Because the Court concluded Plaintiff had failed to adequately

support his request for damages and fees the Court was forced to order supplemental filings.

(Doc. No. 10.)  In his supplemental filings, Plaintiff completely abandoned his original request

for $5,000 in actual damages, provided no additional support for his request for $1,000 in

statutory damages, and provided dubious support for his requested fee amount.  (Doc. Nos. 11,

12.)  In response to the Report and Recommendation, Plaintiff failed to properly file objections

and instead filed a "response."  (Doc. No. 15.)  Further, the Court notes that counsel has not

provided a single argument in favor of his client's damages award, even after he abandoned

$5,000 in claimed actual damages and Magistrate Carlson reduced by 50 percent his claimed

statutory damages.[4] Rather, counsel's efforts focused solely on his attorney's fees award.  In

light of the prevailing market rates for an attorney of Plaintiff's counsel's experience and skill,

the Court concludes that Magistrate Judge Carlson's recommendation of awarding Plaintiff's

counsel $250 per hour is both reasonable and generous.

      **ACCORDINGLY**, on this 21st  day of July 2011, **IT IS HEREBY ORDERED THAT**,

in light of Plaintiff's motion for entry of default judgment (Doc. No. 11), the Report and

Recommendation (Doc. No. 14) is **ADOPTED** and the Court will award a default judgment in

the amount of the following fees, costs, and damages:

      Costs:                                   $ 416.25

---

[4] The Court notes that if there was no argument to be made in support of Plaintiff's
original motion for $6,000 in damages, then the motion should not have been made in the first
instance.

Statutory Damages:                    $ 500.00

Attorney's Fees:                      $ 2,925.00

Total:                                $ 3,841.25


S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania